United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID ANDREW MARTINEZ,
RUBEN ALEJANDRO QUIROZ,
CESAR CASTELLANOS, and
SAMUEL TEWOLDE,

    Defendants.
    /

No. CR 13-00794 WHA

**ORDER RE DISCLOSURE OF INTELLIGENCE MEMORANDA**

At the November 4, 2014, *Daubert* hearing of gang expert Travis Menke, the undersigned judge ordered the government to disclose to defense counsel the following documents that Menke relied upon in forming his opinion: (1) intelligence memoranda; (2) the Santa Rosa Police Department gang manual created in or around 2003; and (3) gang registration forms.

The government agreed to produce the documents, but sought leave to review the materials and submit them for an *in camera* review if the government believed redactions were appropriate. On November 26, 2014, the government filed a memorandum stating that it had disclosed to defendants the gang manual, gang registration forms, and some intelligence memoranda. The government sought leave to withhold production of some intelligence

memoranda because: (1) they contain highly sensitive information which, if disclosed, could compromise the safety of the individuals referenced therein and (2) the discovery rules do not require their disclosure.  In the alternative, the government requested that the Court adopt the government's proposed redactions if the Court required disclosure (Dkt. No. 223).

On December 8, 2014, counsel for defendant Martinez opposed the government's request, arguing that the government should turn over all of the intelligence memoranda Detective Menke relied upon.  Defense counsel stated that the government's fear for witness safety could be addressed by redacting identifying information (Dkt. No. 228).

*First*, the government claims that the withheld documents are not *Brady*, Rule 16, or Jencks Act material.  Thus, the government is not required to turn over the documents at issue. *Second*, the government claims that the public interest in allowing the government to protect its confidential informants is strong in this case and outweighs any request for disclosure.

The government has a qualified privilege to withhold informants' identities.  The purpose of the privilege is:

> the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Roviaro v. United States*, 353 U.S. 53, 59 (1957).  As *Roviaro* explained, a court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 60.

The undersigned judge has reviewed the withheld intelligence memoranda and the declaration of Travis Menke *in camera*.  Due to the inherent dangers that accompany cooperating against a violent gang, the undersigned judge is concerned for the safety of these confidential informants.  On the other hand, defendants have a right to fully understand the bases underlying Menke's expert testimony.  Under the standard laid out in *Roviaro*, the public interest is best served by the government disclosing the intelligence memoranda in redacted form.  The government's redactions are appropriate and minimal.

2

The government is hereby ordered to produce the remaining intelligence memoranda in its proposed redacted form. For appellate review, the government shall maintain exact copies of the original material in unredacted form, so it can be provided to the appellate judges.

**IT IS SO ORDERED.**

Dated: December 10, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE