IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID ANDREW MARTINEZ,
RUBEN ALEJANDRO QUIROZ, CESAR
CASTELLANOS, and SAMUEL
TEWOLDE,

    Defendants.
                             /

No. C 13-00794 WHA

**UPDATED CASE
MANAGEMENT ORDER**

      All defense *Daubert* and suppression motions were due by November 25, 2014 (Dkt. No. 212). That deadline has passed. For the sake of good and orderly case management, the deadline will not be extended on the thin showing made thus far. If any defendant wishes to file a late motion, he may file the complete motion along with details, under oath, as to good cause for the late filing, and, if the cause shown is good enough, the motion will be considered on its merits despite its lateness. The longer and longer the defense waits (it is now January 6, 2015), the harder and harder it will be to find good cause.

      The defendants' trial briefs were also due on November 25, but none were filed. This was not optional. How the defense thought it was optional is a mystery. The defense must file their trial briefs by **FEBRUARY 4, 2015**.

      The parties' joint case management statement notes that they disagree on whether the government's Rule 404(b) disclosures are sufficient (Dkt. No. 243). In its trial brief, the government merely lists the dates and charges relating to defendants' prior convictions which the government intends to introduce at trial. This is insufficient. The government must explain the

facts and circumstances surrounding each conviction such that the Court can discern whether introduction of that conviction would be more probative than prejudicial and whether it would waste time as a sideshow. The government must summarize how each conviction relates to the enterprise charged in our case. The government shall produce these summaries by **JANUARY 27, 2015**.

Defendant Martinez did file a timely *Daubert* motion on November 25, challenging the government's cellsite, gun residue, and drug distribution experts (Dkt. No. 222). The government failed to file a timely opposition. The government shall file its opposition by **JANUARY 14, 2015.** The hearing on this motion will take place at **1 P.M. ON JANUARY 29, 2015.**

In regards to the discovery the government produced on December 31, 2014, comprised of 62 disks, the government must disclose to the defense which of that material is new and which material had already been produced by **JANUARY 14, 2015.**

The pre-trial conference will now take place at **NOON ON FEBRUARY 25, 2015.**

Lastly, while a defendant may enter an open plea at any time, the Court is considering implementing a deadline in this case, by which a defendant must plead guilty if he wishes to receive an acceptance of responsibility reduction and/or pursuant to a plea agreement. The parties shall submit briefing on this issue, indicating: (1) whether they oppose implementation of such a deadline; and (2) the extent to which the Court has the authority to set such a deadline, citing to authority on point. These briefs must be submitted by **JANUARY 14, 2015.**

**IT IS SO ORDERED.**

Dated: January 6, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2