IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID ANDREW MARTINEZ,<br>RUBEN ALEJANDRO QUIROZ, CESAR<br>CASTELLANOS, and SAMUEL<br>TEWOLDE,<br><br>    Defendants.<br>                                            / | No. CR 13-00794 WHA<br><br>**ORDER RE GANG<br>EXPERT TESTIMONY** |

**INTRODUCTION**

In this criminal RICO action, defendant David Andrew Martinez moves to exclude the expert testimony of Detective Travis Menke of the Santa Rosa Police Department's Gang Crimes Team. For the reasons stated below, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

On November 4, 2014, a *Daubert* hearing was conducted regarding Menke's proposed testimony, in which he testified and was cross-examined. Menke testified that he has been a Santa Rosa police officer for nine years and had worked for the Contra Costa Sheriff's Office Custody Division for eighteen months before that. Menke has testified on nine occasions as an expert in criminal street gangs in Sonoma County Superior and Juvenile Courts. He has been a member of the Gang Crimes Team in Santa Rosa for over three years. During that time, he has

primarily investigated the Norteños, Sureños, and their various "cliques." Menke has completed 231.5 hours of formalized gang training and attended several gang investigation conferences.

At the hearing, Menke testified about the connection among the Nuestra Familia prison gang, the Norteños, and Varrio South Park (the RICO enterprise charged in our case). He stated that the Norteños operate under the umbrella of Nuestra Familia. There are many smaller Norteño cliques throughout the country, including VSP in Santa Rosa. VSP members pay taxes up the chain to other Norteños that make their way to the top of Nuestra Familia in the prison system. Menke further testified about how members are initiated into the gang, often by being "jumped in," and described the Norteño and VSP hand signs, symbols, clothing, colors, and tattoos. Furthermore, Menke discussed the way gang communications are passed through the prison system and to the streets through the use of "kites" or "wilas."

The government's expert disclosure for Menke stated that he would offer testimony on eighteen different subjects. In summary, these include the structure of Nuestra Familia and the Norteños, their connection to VSP, their connection to the Sureños, gang graffiti, symbols, signs, colors, numbers, initiation rituals, and gang discipline, the history of VSP and its connection to the Norteños and other Norteño cliques including Varrio Santa Rosa Norte.

**ANALYSIS**

"Rule 702 assigns to the district court the role of gatekeeper and charges the court with assuring that expert testimony rests on a reliable foundation and is relevant to the task at hand." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (internal quotations omitted). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

There is no literature or glossary one might consult to verify Menke's testimony. It is plain, however, that the "*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the

knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). Rule 702 does not require verification. It requires only "reliable principles and methods." Furthermore, the United States Supreme Court has clearly stated that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999)

This order finds that Menke's testimony satisfies the requirements of Rule 702, subject to the following limitations. The indictment alleges that VSP is the RICO organization charged in our case and the government will have to prove that at trial. It will not be enough to prove that a Norteño organization exists and that it separately qualifies as a RICO organization. The jury will be instructed on this.

Nonetheless, the government may put VSP in context by proving its connection to the Norteños and Nuestra Familia. Menke may testify about the different signs, numbers, graffiti, colors, etc. that link VSP with the Norteños and that pertain to VSP itself. He may testify on what terms like "jumped in" mean, what turf is, and other general gang customs that are relevant to VSP and to our case.

Menke's testimony will be limited in regards to some terms. Menke may testify about the gangs' activities generally, but he cannot use words like "violent" or "violent street gang." That phrase is too argumentative and the violence should be proven up with direct evidence, not police opinion. Menke will also be barred from testifying about gang members swearing allegiance to the gang. Based on the testimony at the *Daubert* hearing, Menke simply does not have the foundation to say that members raise their hands and swear allegiance to the constitution of Nuestra Familia just because they are members of VSP. He may use softer terms like "affiliation," but cannot use the words allegiance or describe any swearing of allegiance procedure. This is too factual and Menke has never seen or heard it himself — nor has any VSP member ever admitted to him that such a ceremony takes place.

Furthermore, Menke shall not offer any opinion testimony regarding the internal structure of VSP itself. Although, as a general matter, an expert with sufficient foundation may be

3

permitted to offer opinions regarding the structure of a RICO organization, the *Daubert* hearing demonstrated that Menke does not possess the foundation to do so. The government will have to prove the structure of the RICO enterprise through direct percipient testimony. In addition, Menke shall not offer any specific opinions about the activities of VSP, especially in regards to violence, murder, drug deals, and other crimes, because he has not established the requisite foundation specifically in regards to VSP. Again, if a VSP gang member made an admission to him about such an event, and it can be shown to have been in furtherance of the conspiracy alleged, then it would be admissible, not as opinion, but as a co-conspirator statement.

Moreover, he shall not discuss specific violent acts allegedly committed by VSP members or affiliates. They are too prejudicial and should be proven up by fact witness testimony.

These rules shall apply to the government's direct-examination of Menke. If, however, defense counsel open the door to this type of testimony on cross-examination (or possibly by other means), by posing a question that fairly calls for an answer relating to the above described opinions, Menke shall be permitted to state his opinion.

Defendant Martinez argues that Menke lacks foundation to testify on many of the subjects discussed at the *Daubert* hearing, especially those regarding the structure of VSP. Martinez argues these opinions conflate the charged VSP RICO organization with the broader Norteño organization. Martinez asserts that Menke attempts to "substitute the charged RICO conspiracy (VSP) with a separate RICO conspiracy (Norteños) thereby fundamentally altering the nature of the Indictment" (Br. 3). As described above, however, Menke will be permitted to testify regarding the connection between the Norteños and VSP.

Martinez also contends that many of Menke's opinions merely repackage fact witness testimony. For example, Martinez states that "the government will be able to prove through fact witnesses the locations of the alleged gang graffiti in order to establish the alleged range and territory of VSP. Symbols unique to VSP can be explained in similar fashion." As described above, Menke will not be permitted to testify about specific crimes VSP has committed (unless via co-conspirator statements). That will be left to fact witnesses.

4

**CONCLUSION**

Defendant Martinez's motion to exclude the testimony of Detective Travis Menke is **GRANTED IN PART AND DENIED IN PART**. If cross-examination at trial develops a record that his basis for any testimony is fatally thin, the undersigned judge will consider a motion to strike Menke's testimony. Otherwise, Menke will be permitted to testify, subject to the limitations stated above.

**IT IS SO ORDERED.**

Dated: January 20, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE