1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,

11              Plaintiff,                          No. CR 13-00794 WHA

12        v.

13   DAVID ANDREW MARTINEZ,                         **ORDER RE FUTURE**
     RUBEN ALEJANDRO QUIROZ,                        **RULE 11(c)(1)(C) PLEAS**
14   CESAR CASTELLANOS, and
     SAMUEL TEWOLDE,
15
                Defendants.
16   _____/

17

18                                    **INTRODUCTION**

19          For the effective management of this complex RICO gang prosecution and to avoid

20   disruption of preparation for the upcoming multi-defendant jury trial, this order gives guidance to

21   counsel for the orderly presentation of any Rule 11(c)(1)(C) plea agreements.

22                                     **STATEMENT**

23          Previous orders discuss the facts of this case in detail (*see, e.g.*, Dkt. Nos. 72, 87, 171). In

24   brief, this is a non-capital criminal gang prosecution in which four of the original eight defendants

25   remain. According to the indictment, nearly all of the defendants are connected to the Varrio South

26   Park gang, a Norteño group affiliated with the Nuestra Familia prison gang. Their alleged offenses

27   include racketeering, attempted murder, conspiracy, and other offenses involving firearms.

28          Jury selection in the trial of the four remaining defendants — David Martinez, Ruben Quiroz,

     Cesar Castellanos, and Samuel Tewolde — will begin on Monday, March 16, 2015. In the interest

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1  of orderly and just case management, the undersigned conducted a case management conference and

2  implemented several briefing deadlines based on input from the government and defense counsel.

3  During the case management conference and in its subsequent order, the Court requested briefing on

4  whether it could implement a deadline for the entry of guilty pleas pursuant to a plea agreement or

5  for the purpose of an offense level decrease for acceptance of responsibility, and whether counsel

6  opposed.  The government timely indicated its opposition to such a deadline based on mootness, but

7  did not provide the undersigned with any legal authority on the matter.  Defense counsel neglected

8  to respond (*see* Dkt. Nos. 212, 244, 249).

9       Based on Ninth Circuit precedent and the undersigned's experience managing large RICO

10  conspiracy cases, this order now advises counsel as follows.  In the Court's experience in this and

11  other RICO gang prosecutions, one or more Rule 11(c)(1)(C) plea agreements may be presented on

12  the eve of trial.  That is, rather than plead open without conditions (which a defendant is always

13  entitled to do), a defendant may seek to plead guilty, reserving the right to withdraw the plea and go

14  to trial if a harsher sentence is imposed than the specified sentence.  Where there is only one

15  defendant (or *all* defendants plead), it is usually feasible to postpone the trial, obtain a presentence

16  report, and then decide on whether the specific sentence in the plea agreement satisfies the Section

17  3553(a) sentencing factors.

18       But where the RICO conspiracy trial is set to go forward for a group of accuseds, a major

19  trial problem arises when fewer than all tender Rule 11(c)(1)(C) proposals on the eve of trial.  It is

20  impractical and prejudicial to postpone the trial until a presentence report is prepared and a sentence

21  reached for the Rule 11(c)(1)(C) defendant.  There are many logistical and security reasons

22  militating against such a postponement, such as, for example, the need to minimize danger to

23  cooperating witnesses, the need for the marshals to organize themselves and to obtain the staff and

24  facilities needed for multi-custody defendant trials, the need to respect the calendars of counsel,

25  witnesses, experts, and the Court, and to preserve the fair scheduling of criminal trials in other cases.

26

27       Since the conspiracy trial will need to go forward on schedule, a last-minute plea agreement

28  by fewer than all defendants places the undersigned judge in the position of either rubber-stamping

the proposed plea — on the one hand — or rejecting it and having to hold a separate trial for the Rule 11(c)(1)(C) defendant, on the other.  Put differently, if, after preparation of a presentence report and a sentencing hearing, the plea agreement is rejected, that accused would be entitled to a separate RICO trial, the main RICO conspiracy trial having been completed in the meantime.  Having two such RICO conspiracy trials when one would have sufficed is most wasteful and doubles the danger to cooperating civilian witnesses by making them appear twice rather than once.  That would be all the more true in the instant prosecution, comprehending as it does so many violent and firearms related offenses and other racketeering acts.  Several weeks of trial will be required.

When a Rule 11(c)(1)(C) plea agreement is presented far enough in advance of trial that the report and sentencing can be carried out prior to trial, no problem is presented.  If the plea agreement is rejected, counsel and the defendant will be able to participate in the RICO conspiracy trial as scheduled.  In our district, about 75 days are normally required for finalization of a presentence report.

"To allow for efficient scheduling of criminal cases," Rule 11(e)(5) — as enacted in 1974 — expressly recognized that judges could set deadlines for the presentation of plea agreements.  This was deleted as "unnecessary" in 2002.  *See* Advisory Committee Notes to the 1974 and 2002 amendments.  With respect to Rule 11(c)(1)(C) pleas, Rule 11(c)(3) now expressly states that the court may "accept the agreement, *reject it*, or defer a decision until the court has reviewed the presentence report."  This plainly contemplates that a judge may — after the exercise of individualized consideration — reject a plea agreement without waiting for a presentence report.  *In re Morgan*, 506 F.3d 705, 710–11 (9th Cir. 2007).

The undersigned intends to give each Rule 11(c)(1)(C) proposal individualized consideration, even those presented on the eve of trial.  If, however, time is too short to go through the Rule 32 process, then counsel will be well-advised to submit, along with the Rule 11(c)(1)(C) proposal, sufficient information allowing an informed exercise of discretion, which would be the following:  (i) reliable information of the type and scope usually found in a presentence report, but prepared by counsel rather than probation, (ii) a written waiver of the right to a presentence report and the usual presentence process and of the notice required by Rule 32(h) in the expedited manner

described herein, and (iii) a written consent for sentencing to occur at the time the guilty plea is entered or as soon thereafter as the undersigned can evaluate the materials and hear argument and allocution.  Among others, a key factor on which the parties should supply accurate information will be the extent to which any such defendant personally participated in any conspiracies to commit homicide, attempted homicide, or other violent offenses.  This would be the type of information normally in a presentence report.

This constitutes notice that any guilty plea entered after **WEDNESDAY, FEBRUARY 11, 2015** will be deemed too late, in all likelihood, to be accepted.

**IT IS SO ORDERED.**

Dated:  January 26, 2015

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4