**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID ANDREW MARTINEZ,<br>RUBEN ALEJANDRO QUIROZ, CESAR<br>CASTELLANOS, and SAMUEL<br>TEWOLDE,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. CR 13-00794 WHA<br><br>**ORDER RE MOTION TO EXCLUDE GOVERNMENT'S (1) CELLSITE, (2) GUNSHOT RESIDUE, AND (3) DRUG DISTRIBUTION EXPERTS** |

**INTRODUCTION**

In this criminal RICO action, defendant David Andrew Martinez moves to exclude the testimony of the government's cellsite, gunshot residue, and drug distribution experts. For the reasons stated below, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

In its FRCrP 16(a)(1)(G) expert disclosure to defendants, the government identified: (1) Special Agent Michael Easter, of the FBI's Cellular Analysis Survey Team, as its cellsite expert; (2) Debra Kowal as its gunshot residue expert; and (3) DEA Special Agent David Mateer as its

drug distribution expert. The government provided its initial expert disclosures on August 26, 2014, and supplemented these disclosures on September 16.[*]

**ANALYSIS**

FRCrP 16(a)(1)(G) requires that the government provide a summary of the opinions of its experts to be used during its case-in-chief. The rule states that "[t]he summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Furthermore, "FRCrP 16(a)(1)(G) does not require the disclosure of the actual materials relied on by an expert — instead, it entitles defense counsel to a written summary of the witness's opinions, bases and reasons for those opinions, and qualifications. The rule does not require production of the raw materials constituting the bases of an expert's opinions." *United States v. Herrera*, No. CR 08–0730, 2010 WL 5396015, at *1 (N.D. Cal. Dec. 23, 2010).

1. **CELLSITE EXPERT EASTER.**

This order finds that the government's disclosure regarding cellsite expert Easter is sufficient. The disclosure stated that the cellsite expert will testify regarding: (1) how cellular telephones and cellular networks operate; (2) the information contained in cellular telephone records, also known as call detail records; and (3) that it is possible to approximate to a fair degree of accuracy the location of a cellular telephone based on information contained in call detail records, based on the cellsite location accessed for a particular call, along with any attendant cell sector information. Moreover, as discussed at oral argument and by the parties' stipulation, the government will provide the defense with the cellsite expert's full report 30 days before trial.

The disclosure explained that the expert will also testify that he conducted cellsite location analysis for defendants' cell phones during the time of the events in question. The government has provided the defense with the underlying data regarding Easter's testimony.

---

[*] The government originally notified the defense that it would call Special Agent Sean Hansen, also of the FBI's Cellular Analysis Survey Team, as its cellsite expert. The government has since notified the defense that Agent Easter will testify in Agent Hansen's place, due to a family emergency. The government has provided the defense with Agent Easter's CV.

2

This includes data showing the location of pertinent cell phones during the events in question. The parties have also agreed that the government will provide the defense with the final historical cellsite analysis report that will be used at trial thirty days before the trial date (*see* Dkt. No. 243).

Furthermore, at the *Daubert* hearing on Detective Travis Menke's expert testimony, the undersigned judge made the following tentative ruling regarding the government's cellsite expert disclosure (Dkt. No. 220 at 225):

> I'm not going to require more than this . . . it's possible that at trial I will exclude it as being — I don't know enough about it at this point to say that this is inadequate. It could be enough. But if it turns out at trial that you've sandbagged them and not given them enough information to do their job, then I'm just going to say to the jury, "it all goes out."

This order reaffirms that tentative ruling. The government's disclosure satisfies the standard set forth in FRCrP 16. If, however, it becomes apparent at trial that the disclosure was insufficient for the testimony actually laid before the jury, then the testimony will be excluded and the jury will be instructed to disregard it.

Defendant argues that the disclosure is insufficient because the expert had not yet, as of September 16, determined the relationship between the locations of interest and the cell towers. The government's disclosure states: "TFO Hansen will go to those locations to determine which cell towers are used at those locations." Based on this sentence, defendant argues that the expert has not yet conducted sufficient analysis. Furthermore, defendant requests that the government provide: (1) a more detailed technical forensic report; (2) a comprehensive document detailing the method, equipment, and processes the expert used; (3) the electronic surveillance technology used; (4) more details regarding how the government intends to prove that the specific cell phones at issue were used; and (5) exhibits the government intends to use at trial plotting the locations and usages of the cell phones at issue.

Defendant's requests are unreasonable and go beyond what is required by FRCrP 16. The rule requires a summary of the witness's opinions, the bases for those opinion, and the witness's qualifications. It does not require specific details, data, and exhibits on every subject

the witness may testify about. Again, if at trial the testimony exceeds the government's disclosure, then the excess testimony will be excluded.

### 2. GUNSHOT RESIDUE EXPERT KOWAL.

Similar to the government's cellsite expert disclosure, the government's disclosure regarding gunshot residue expert Kowal was sufficient. The Kowal disclosure described that she will testify that particles consistent with gunshot residue — containing lead, barium, and/or antimony — were found in the vehicle involved in one of the robberies at issue. The government also provided Kowal's bench notes, which describe her expert analysis of every gunshot particle found at the crime scenes she examined for this case. These bench notes had not been provided to the defense when the instant motion was filed, but have since been provided.

Defendant generally argues that the government's disclosure fell short on details. This order disagrees. If it is shown at trial that the government has sandbagged the defense in relation to this expert, the testimony will be excluded.

### 3. DRUG DISTRIBUTION EXPERT MATEER.

Defendant does not challenge Mateer's qualifications as an expert. Rather, defendant argues that the government's disclosure regarding Mateer is overbroad and contains irrelevant opinions. The Court has read the disclosure and overrules all objections tendered, without prejudice to more specific objections at trial, with the exception of defendant's objections to the following opinions:

- In his experience of interacting with and interviewing heavy methamphetamine users, he has observed that they are routinely underweight, have visibly bad skin and teeth, and have a disheveled appearance.

- When a person is found to have a large number of doses of more than one drug (such as methamphetamine and heroin), that is more consistent with drug dealing than with personal use.

- When a person is found to have a large number of doses of methamphetamine as well as a firearm, that is more consistent with drug dealing than with personal use.

- When a person is found to have a large number of doses of more than one drug (such as methamphetamine and heroin), as well as a firearm, and to be in possession of valuable assets such as an expensive automobile, that is more consistent with drug dealing than with personal use.

4

Mateer will not be permitted to testify to these opinions without further foundation and limitation. He will, however, be permitted to testify concerning the customary quantity of doses possessed by street dealers.

Additionally, this order is concerned about the following two opinions Mateer intends to proffer:

- Dealers also often take precautions by carrying weapons, including firearms, with their narcotics.
- Dealers often store weapons, including firearms, with the narcotics, so that they can be accessed together.

For now, these two opinions will be held in abeyance until we see the foundation the government lays at trial for these opinions.

## CONCLUSION

For the reasons stated above, defendant's motion to exclude the testimony of the government's cellsite, gun residue, and drug distribution experts is **GRANTED IN PART AND DENIED IN PART**. Defendant's objections to the government's disclosures regarding the cellsite and gun residue experts are overruled. The government's drug distribution expert's testimony will be limited to the opinions described above. If it becomes apparent at trial that the government's disclosures were insufficient, or if the experts veer off into the province of the jury during trial, the testimony will be excluded and the jury will be instructed to disregard the improper statements.

**IT IS SO ORDERED.**

Dated: January 30, 2015.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5